UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CRAIG CHARLES ARNOLD ) | Case No. 06-10671-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTION TO CONFIRMATION**

Before the court is the objection of Burke & Herbert Bank & Trust Company ("Burke & Herbert") to confirmation of the plan filed by the debtor on July 20, 2006. A hearing was held on September 13, 2006, at which the debtor and Burke & Herbert were present by counsel, and the chapter 13 trustee was present in person. Burke & Herbert is the holder of three claims— two of which are secured by the debtor's residence and one by an automobile—that are treated by the plan. Because the objection misconstrues the plan, and because the plan, as properly construed, satisfies the requirements for confirmation, the objection will be overruled.

<u>Background</u>

Craig Charles Arnold ("the debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in this court on June 23, 2006. His proposed repayment plan, which was filed on July 20, 2006, requires him to make payments to the trustee of $850.00 per month for 39 months. The estimated dividend on unsecured claims is 100 cents on the dollar. Relevant to the present objection, the plan proposes for the debtor to make directly to Burke & Herbert the contracted payments becoming due post-petition on the three Burke &

Herbert loans, with the arrears on those loans that existed as of the filing date to be paid by the trustee over a period of 36 months, without interest.[1] The first deed of trust is an adjustable rate note with an initial interest rate of 6.25%. The second deed of trust carries an interest rate of 9%. The interest rate on the automobile loan is 9.5%.

## Discussion

Burke & Herbert's objection is that the plan impermissibly reduces the interest rate on its three notes to zero percent. The plan, however, does no such thing. The plan—which conforms to the standard form of chapter 13 plans used both in the Eastern and Western Districts of Virginia—provides for full payment of all amounts becoming contractually due after June 23, 2006 (the date of the bankruptcy petition) through the term of the plan. The plan does not modify the amount of those payments, which includes interest at the contract rate on the unpaid principal. It is only on the <u>arrears</u> that the plan proposes to pay no interest.

While a debtor is free to pay interest on arrears, such payment is not required unless the note itself provides for interest on arrears (in effect, interest on interest). § 1322(e), Bankruptcy Code. Section 1322(e) was added to the Bankruptcy Code by § 305(c) of the Bankruptcy Reform Act of 1994, Pub.L. 103-394, in order to overrule the Supreme Court's

---

[1] The arrearage amounts, as set forth on the proofs of claim filed by Burke & Herbert, are as follows:

| Claim No. | Description | Claim | Arrearage |
|---|---|---|---|
| 2 | 2nd deed of trust | $27,903.40 | $4,723.91 |
| 3 | automobile loan | $17,943.84 | $2,028.07 |
| 4 | 1st deed of trust | $330,975.95 | $11,731.30 |

decision in *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).  The

Supreme Court had held in *Rake* that a chapter 13 plan must provide for interest on arrearage

claims of over-secured mortgage holders.  As explained in the legislative history:

> [*Rake*] had the effect of giving secured creditors interest on interest payments, and interest on the late charges and other fees, even where applicable law prohibits such interest and even when it was something that was not contemplated by either party in the original transaction.

H.R. Rep. No. 103-835, at 55 (1994).  Accordingly, Congress amended the Bankruptcy

Code to provide as follows:

> Notwithstanding [§ 1322(b)(2), which prohibits modification of the rights of holders of claims secured only by the debtor's principal residence] and § 506(b) [allowing post-petition interest on over-secured claims] and 1325(a)(5) [requiring payments on secured claims to have a present value equal to the amount of the claim], if it is proposed in a plan to cure a default, the amount necessary to cure the default *shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law*.

§ 1322(e), Bankruptcy Code (emphasis added).

One of the permissible treatments of a secured claim in a chapter 13 plan is to

"provide for the curing of any default within a reasonable time and maintenance of payments

while the case is pending" if the claim is one "on which the last payment is due after the date

on which the final payment under the plan is due." § 1322(b)(5), Bankruptcy Code.  The

plan in this case provides exactly that treatment of the three Burke & Herbert secured

claims.  The court has reviewed the promissory notes underlying those claims and is unable

to discern any language in the notes that would entitle Burke & Herbert to interest on

interest or to interest on late charges.  Nor, at the hearing, could counsel for Burke & Herbert

point to such language.  Thus, there is no requirement for the plan to pay interest on the

arrears.  Burke & Herbert does not argue that 36 months is not a "reasonable period" for the

debtor to cure the $18,483.28 in arrears on the three loans.  Since the plan satisfies the statutory requirements for confirmation,  the objection to confirmation must be overruled.

O R D E R

For the reasons stated,

**ORDERED:**

    1.  The objection of Burke & Herbert Bank & Trust Company to confirmation of the plan filed by the debtor on July 20, 2006 is overruled.

    2.  A separate order will be entered confirming the plan.

    3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____              _____
                                                                  Stephen S. Mitchell
Alexandria, Virginia                                    United States Bankruptcy Judge

Copies to:

John T. Donelan, Esquire
Law Offices of John T. Donelan
125 South Royal Street
Alexandria, VA  22314
Counsel for Burke & Herbert Bank & Trust Co.

Craig Charles Arnold
102 Cameron Parke Court
Alexandria, VA 22304
Debtor

Januario G. Azarcon, Esquire
Sawyer & Azarcon, P.C.
10605 B-2 Judicial Drive
Fairfax, VA 22030
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee