UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CRAIG CHARLES ARNOLD ) | Case No. 06-10671-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Townes at Cameron Parke Association, Inc., a homeowners' association, to allow a late-filed proof of claim in the amount of $6,504.70. A hearing was held on February 14, 2007. No response opposing the motion was filed, nor did any party appear in opposition at the hearing. Because the court nevertheless had a concern whether a legal basis existed for granting the requested relief, the court took the motion under advisement. For the reasons stated, the court concludes that the bar date for the Association to file its proof of claim cannot be extended, even for excusable neglect, but that the trustee may nevertheless pay the claim, even though tardy, if no party in interest objects.

Background

Craig Charles Arnold ("the debtor") filed a voluntary petition in this court on June 23, 2006, for adjustment of his debts under chapter 13 of the Bankruptcy Code. Among the creditors listed on the debtor's schedules of liabilities was the Townes at Cameron Parke Association, Inc., which was listed as a secured creditor in the amount of $4,012.00. The law firm representing the Association was mailed notice of the commencement of the case. Among other information, the notice set forth the date of the meeting of creditors (August 1,

1

2006), the date of the confirmation hearing (September 13, 2006), and the bar date for non-governmental creditors to file proofs of claim (October 30, 2006).  The debtor's repayment plan was filed on July 20, 2006, and was confirmed on September 18, 2006, after another creditor's objection was overruled.  The plan required the debtor to pay the chapter 13 trustee $850.00 per month for 39 months and projected a return to unsecured creditors of 100 cents on the dollar.  Under the plan, the Association's arrearage claim, which the plan estimated at $4,012.00, would be paid by the trustee without interest over 36 months, while the debtor would make direct payment of the on-going payments of $105.58 per month.

Despite receiving notice of the chapter 13 filing and the claims bar date, the Association did not file a proof of claim until January 5, 2007, some three months after the bar date.  The amount asserted on the proof of claim is $6,504.70.  The Association represents that the reason it did not file its claim earlier was because the attorney responsible for preparing the proof of claim was suffering from a disability at the time and had mistakenly believed he had filed the proof of claim.

Shortly after the present motion was filed, the debtor filed a motion for leave to refinance the real property securing the Association's claim.  The motion listed the Association as the holder of a lien against the property in the approximate amount of $6,505.00, which the debtor proposed to pay at settlement.  An order was entered on January 25, 2007 (after notice and a hearing) granting the motion and authorizing the debtor to pay off from the loan proceeds "all liens, encumbrances and attorneys['] fees at settlement."  The court is not advised as to the current status of the proposed refinance.  In any event, the

chapter 13 trustee has not yet received the $22,000.00 that was to go to him from the refinance in order to pay off the allowed claims in this case.

Discussion

A.

Except in chapter 9 municipal cases and chapter11 reorganization cases—in which certain scheduled claims are deemed filed—a creditor desiring to receive distributions in a bankruptcy case is required to file a proof of claim.  Fed. R. Bankr. P. 3002(a).  The deadline for filing claims in a chapter 13 case is 90 days after the first date set for the meeting of creditors, except for a governmental unit, which has until 180 days after the filing of the petition.  Fed. R. Bankr. P. 3002(c)(1); § 502(b)(9), Bankruptcy Code.  The court is not permitted to extend that time, except as specifically provided in Rule 3002(c).  Fed. R. Bankr. P. 9006(b)(3).  Rule 3002(c) permits an extension for an infant or incompetent person, for the United States, a state, or a subdivision thereof, and for a creditor whose claim arises from an avoidance judgment or from rejection of a lease or executory contract, but not for any other category of creditor.  Fed. R. Bankr. P. 3002(c)(1) - (4).

Chapter 13, unlike chapter 7 and chapter 11, contains no general provision for payment or allowance of late-filed claims.  In chapter 7, a priority claim is entitled to payment whether or not timely filed.  § 726(a)(1), Bankr. Code; *Cooper v. IRS*, 167 F.3d 857 (4th Cir. 1999).  Additionally, a late claim, whether or not entitled to priority, may be paid where the creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim and the claim is filed in time to permit such payment.  § 726(a)(2)(c), Bankr. Code.  Finally, even where the creditor had notice, a late-filed claim may be paid to the

3

extent that funds remain after all timely-filed claims have been paid in full. § 726(a)(3), Bankr. Code. In chapter 11, a late-filed claim may be allowed where the failure to file was the result of excusable neglect. Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993); *In re Quartercall Commc'ns, Inc.*, 1996 WL 910910 (Bankr. E.D. Va. 1996) (applying *Pioneer*).

The Association cites to Rule 3003(c)(3)—which states that "[t]he court shall fix *and for cause shown may extend* the time within which proofs of claim or interest may be filed"—as authority to allow a late-filed claim. However, Rule 3003 by its express terms addresses chapter 9 municipality cases and chapter 11 reorganization cases. The present case is not a chapter 9 or chapter 11 case and is therefore governed by Rule 3002(c), which contains no similar language.

It is unquestionably true that disallowance of an otherwise valid claim is harsh to the creditor, particularly where, as here, the debtor has made provision for a substantial portion of the claim in his plan. At the same time, Rule 9006(b) is very clear that the claims bar date in a chapter 13 case cannot be extended after the fact even for excusable neglect. Such a rule promotes expedition and certainty in the administration of chapter 13 cases, as well as fairness to those creditors who file timely proofs of claim.

B.

In any event, since chapter 13 claims are governed by Rule 3002, and since none of the specific exceptions in that rule applies, the court has no authority to grant the requested relief—even for excusable neglect—*unless,* as a secured creditor, the Association is simply

not subject to the bar date. This possibility arises from the language of Rule 3002, which states, "[a]n *unsecured* creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed." Fed. R. Bankr. P. 3002(a) (emphasis added). Since the rule refers only to unsecured creditors, by negative implication it can be argued that secured creditors are not required to file proofs of claim. Certainly, they are not required to file a proof of claim solely to preserve their lien. *See* § 506(d), Bankruptcy Code; *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342 (4th Cir. 2003) (bank's lien was not subject to avoidance simply because its claim was disallowed on the ground that the proof of claim was filed after the claim bar date).

No reported case within the Fourth Circuit has squarely addressed the question of whether the bar date for filing claims in a chapter 13 case applies to a secured creditor. Courts in other jurisdictions have addressed the issue but have reached conflicting conclusions. *See In re Hill*, 286 B.R. 612, 616 n.3 (Bankr. E.D. Pa. 2002) (noting disagreement and citing cases on each side). Courts holding that the bar date does not apply to secured creditors reason that to apply the bar date in subsection (c) of Rule 3002 to secured creditors when subsection (a) of the same rule imposes a requirement to file a proof of claim only on unsecured creditors "would distort the clear language of the rule." *In re Harris*, 64 B.R. 717, 719 (Bankr. D. Conn. 1986). Additionally, applying the bar date to such claims "would undermine the 'overriding rehabilitative purpose of chapter 13,'" since "[g]ranting wage-earning debtors an opportunity to cure arrearages to save their homes as part of their fresh start" was a major focus of the change from former Chapter XIII under the

Bankruptcy Act of 1898 to Chapter 13 under the present Bankruptcy Code. *Id.*[1] (Internal citations omitted); *see also In re Babbin*, 164 B.R. 157, 163 (Bankr. D. Colo. 1994) (reasoning that "[b]ecause a secured creditor is not required, at all, to file a proof of claim, it can hardly be concluded that a proof of claim filed by a secured creditor can be disallowed because it is not timely."). By contrast, courts holding that the bar date applies even to secured creditors reason that although a secured creditor is not required to file a proof of claim if it does not wish to obtain a distribution under the plan, secured claims are not one of the listed exceptions in Rule 3002(c) to the bar date established by that rule, and that to allow a claim to be filed after the bar date for purposes of receiving a distribution would create havoc with the administration of chapter 13 cases. *In re Kelley*, 259 B.R. 580 (Bankr. E.D. Tex. 2001); *In re Dennis*, 230 B.R. 244, 246 (Bankr. D. N.J. 1999). As one of the opinions persuasively explains:

> Without a deadline for the filing of claims, secured creditors could file at any time during the term of the confirmed plan, which in chapter 13 cases may be as long as sixty months. . . . The chapter 13 trustee could not administer the plan with any measure of certainty if a secured creditor could file its claim years after the effective date and thereby become entitled to a distribution of the amount of such claim. Such practice would require the trustee to predict future claim filings and perhaps to set aside funds for distribution to such secured creditors who file if and when they are so inclined. Moreover, allowing tardily filed claims in chapter 13 might also permit late-filing creditors to recapture payments already distributed to other creditors. . . . Similarly, creditors who filed within the deadline would be penalized by permitting late-filing creditors to reduce or delay the dividend available for distributions on their claims. Modification of the plan would also be necessary each time a secured creditor filed a claim at variance with the plan. . . .

---

[1] It should be noted, however, that the proof of claim in *Harris*, although filed after the claims bar date, was nevertheless filed before confirmation of the plan. Thus, allowance of the claim would not torpedo or require modification of an already-confirmed plan.

6

*Id.* at 253 (internal citations and footnotes omitted).

The issue is obviously not free from doubt. On balance, however, the court concurs with those courts holding that a secured claim filed after the claims bar date in a chapter 13 case is subject to disallowance on that basis. Although a secured creditor is not required to file a proof of claim in order to preserve its lien, Rule 3002(c) does not exclude secured creditors from the need to file a proof of claim prior to the bar date in order to receive a distribution under the plan. To import the silence of Rule 3002(a) into the carefully-crafted exceptions in Rule 3002(c) would defeat the very purpose of the claims bar date, which is to provide the certainty necessary to practical administration of a chapter 13 plan. Put another way, the chapter 13 trustee must know, reasonably early in the case, whom he must pay and in what amounts if he is to begin making distributions. To allow secured claims to be filed at any time during the plan period (perhaps even in the last month of a 60-month plan) for the purpose of receiving payments from the trustee would throw distributions to other creditors into complete turmoil except in those instances in which the secured claim came in at an amount identical or very close to the amount estimated in the plan and the trustee had reserved the funds specified in the plan for the payment of the claim.

C.

It is worth emphasizing, however, that the claims bar date is not self-executing. That is, a claim filed after the claims bar date is not thereby deprived of its character as a claim but is simply subject to disallowance. Under the statutory scheme, a filed proof of claim "is deemed allowed" *unless* a party in interest objects. § 502(a), Bankruptcy Code. Among the grounds for disallowance are that "proof of such claim is not timely filed." § 502(b)(9),

Bankruptcy Code. It could very well happen in a chapter 13 case, however, that no purpose would be served by objecting to a late-filed claim if the plan were sufficiently funded to pay it without affecting the payout to other creditors. Indeed, the debtor might prefer that such a claim be paid if the underlying liability was nondischargeable or if the claim was secured by a lien that, unless satisfied during the case, would remain at the conclusion of the plan. Accordingly, nothing in this opinion should be read as suggesting that a chapter 13 trustee is required to object to a late-filed claim or is prohibited (particularly after consulting with the debtor) from paying a late-filed claim if there is no prejudice to other creditors. In the present case, it is entirely possible that no party in interest will have any reason to object to the Association's late claim. Indeed, the issue will be rendered entirely moot if, as appears likely, the Association's lien is satisfied at settlement on the approved refinance. If not, and if the trustee receives sufficient funds to satisfy all timely-filed claims, the trustee is free, in the absence of objection by a party in interest, to pay the late claim of the Association from the remaining funds.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion, to the extent is seeks extension of the claims bar date, is denied. This is not an order either allowing or disallowing Claim No. 6 filed by the Association on January 5, 2007, and the court's ruling is without prejudice to the trustee's payment of the claim in the absence of an objection by the trustee, the debtor, or another creditor.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Lella Amiss E. Pape, Esquire
Rees, Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
Counsel for Townes at Cameron Parke Assn., Inc.

Scott H. Donovan, Esquire
9402 Grant Avenue
Manassas, VA  20110
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee